IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE POWELL,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>PAUL COPENHAVER,<br><br>　　　　Respondent.<br>_____/ | 1:12-cv-01781 AWI BAM (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING RESPONDENT AN EXTENSION OF TIME TO FILE A RESPONSE<br><br>[ECF No. 18] |

　　　　Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241.

　　　　On February 21, 2013, the Court granted Respondent's motion for extension of time to file a response to the instant petition.

　　　　On March 7, 2013, Petitioner filed an opposition to Respondent's motion for an extension of time.  Petitioner contends that he will be prejudiced by extending the time for Respondent to file a response to the petition because he is currently in custody beyond his projected release date of December 2012.  Because the Court has already granted Respondent's motion for an extension of time, the Court will construe Petitioner's motion as a motion for reconsideration of the Court's order.

///

///

Local Rule 230(j) provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

As Petitioner acknowledges the determination of whether he is entitled to release is the subject of the dispute set forth in the instant petition. In the February 21, 2013, order the Court found Respondent had demonstrated good cause for an extension of time based on the fact that further research and documentation was necessary to prepare an adequate answer. Without sufficient briefing and evidence the Court cannot properly determine the lawful release date, and Petitioner's assertion does not overcome the Court's finding of good cause. Respondent was granted forty-five additional days to file a response, which is not excessive or unreasonable under the circumstances. Accordingly, Petitioner has not demonstrated a sufficient basis for reconsideration of the Court's February 21, 2013, and his motion must be DENIED.

IT IS SO ORDERED.

Dated:   **March 11, 2013**            /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE